UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-81574-CIV-MARRA/JOHNSON

MORRIS C. BROWN,
Shareholders' Representative
of Seisint, Inc.,

Petitioner,

v.

REED ELSEVIER, INC., a
Massachusetts corporation,

Respondent.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Respondent Reed Elsevier, Inc.'s Motion to Dismiss the Complaint (DE 10).  The motion is fully briefed and ripe for review.  The Court held oral argument on the motion on July 31, 2009.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Petitioner Morris C. Brown is an individual residing in Palm Beach County, Florida and is acting in his capacity as shareholder representative for the former shareholders, warrant holders and option holders of Seisint, Inc. ("Seisint") (Compl. ¶ 1.)  Respondent Reed Elsevier, Inc. is a Massachusetts corporation with its principal place of business in Newton, Massachusetts. (Compl. ¶ 2.)

According to the allegations of the Complaint, Petitioner and Respondent entered into a written contract whereby Seisint was to be merged with Respondent ("Merger Agreement").

(Compl. ¶ 5.) Seisint is a Florida corporation and is now a direct, wholly-owned subsidiary of Respondent. (Notice of Arbitration ¶ 3, DE 11-3.)  Since executing the Merger Agreement, a dispute has arisen regarding one of the escrow funds established by the Merger Agreement and Respondent's duties under the Merger Agreement. (Compl. ¶ 8.)  As a result, a Notice of Arbitration was brought by Petitioner against Respondent as well as Seisint in accordance with section 8.7 of the Merger Agreement. (Compl. ¶ 9; Notice of Arbitration.)  The Merger Agreement provides that the two arbitrators chosen by the parties to the arbitration shall choose a third arbitrator "within 20 days from the naming of the second arbitrator."  (Compl. ¶ 13 citing Merger Agreement § 8.7.)  If the two arbitrators are unable to agree upon a third arbitrator, the third arbitrator would be appointed by the United States District Court for the Southern District of Florida. (Compl. ¶¶ 6, 7.)  The arbitrators have made attempts to select a third arbitrator but they have been unable to agree. (Compl. ¶ 13.)  In bringing this Complaint, Petitioner invokes diversity jurisdiction. (Compl. ¶ 3.)

Respondent moves to dismiss the Complaint and makes the following arguments: (1) the Complaint has omitted Seisint, a necessary and indispensable party under Rule 19(a) of the Federal Rules of Civil Procedure, and naming Seisint would destroy diversity jurisdiction; (2) the Merger Agreement does not control this dispute and (3) the Escrow Agreement[1] signed by Petitioner and Respondent which also contains an arbitration clause controls this dispute.

II.  Discussion

The Court turns first to Respondent's argument that Seisint is a necessary party under Rule 19 of the Federal Rules of Civil Procedure.  The Court addresses this argument first because

---

[1] The Escrow Agreement is attached to docket entry 11 as exhibit A.

2

if Seisint, a Florida entity, were to be joined in this action, the Court would be divested of diversity jurisdiction.  Cf. Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002) (subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim).

Rule 19 states in pertinent part:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
. . . .

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

In making the first determination, that is, whether Seisint should be joined, "pragmatic concerns, especially the effect on the parties and the litigation control." Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir. 1982) quoting Smith v. State Farm

Fire & Casualty Co., 633 F.2d 401 (5th Cir. 1980)[2] (internal quotation marks omitted); see Focus on the Family v. Pinellas Suncoast Transit Authority, 344 F.3d 1263, 1280 (11th Cir. 2003) (same); Alfa Life Ins. Corp. v. Advantage Consulting Group, Inc., 236 F.R.D. 570, 571 (M.D. Ala. 2006) (same).  Respondent has the burden of showing that Seisint is a necessary and indispensable party.  Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994) ("The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence."); Microsoft Corp. v. Cietdirect.com LLC, No. 08-60668, 2008 WL 3162535, at * 5 (S.D. Fla. Aug. 5, 2008) (same).

After careful consideration of the parties' arguments and the evidence presented to the Court, the Court finds that Seisint is neither a necessary nor indispensable party to this action.  To begin, complete relief can be afforded to both Petitioner and Respondent without the presence of Seisint.  Notably, the only relief sought is the appointment of a third arbitrator by the Court, and not the resolution of the underlying dispute.  Simply put, the Court is able to appoint an arbitrator without the presence of Seisint.

With respect to necessity under part (B) of Rule 19(a), Seisint is not a necessary party if its interests could be adequately protected by the existing parties.  See Ramah Navajo Sch. Bd. v. Babbitt, 87 F.3d 1338, 1351 (D.C. Cir.1996); Gibbs Wire and Steel Co., Inc. v. Johnson, 255 F.R.D. 326, 329 (D. Conn. 2009).  Here, Seisint is a wholly-owned subsidiary of Respondent

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

and there is no evidence before the Court demonstrating that Seisint's interests are not fully protected by Respondent.  See North Shore Gas Co. v. Salomon Inc., 152 F.3d 642 (7th Cir. 1998) (mineral ore processor was not indispensable party to the gas company's action against the processor's corporate parent absent a showing as to how a judgment entered without the processor might be prejudicial to the processor, which had virtually identical interests to the parent company); Pujol v. Shearson/American Express, Inc., 877 F.2d 132 (1st Cir. 1989) (subsidiary that is mere corporate shell that exists separately on paper only has virtual interests to the defendant).[3]  As pointed out by Petitioner, Respondent and Seisint jointly appointed an arbitrator in the underlying arbitration.  (Boruchow Decl. ¶ 4, DE 17.)  Moreover, Respondent has not identified any additional defenses that Seisint could raise to this petition that Respondent could not raise.  Nor has Respondent produced evidence that it is likely to incur inconsistent obligations based on Seisint's interest in the appointment of an arbitrator or that Seisint would commence and succeed in re-litigating this issue.  See Lang v. Barnhart, No. 05-7263KMK, 2008 WL 4852692, at * 4 (S.D.N.Y. Apr. 23, 2008).  Taken together, these facts demonstrate that, from a qualitative and practical standpoint, Seisint's absence would not have a deleterious effect on the litigation.[4]

---

[3] While the Court recognizes that there are cases finding that subsidiaries are necessary and indispensable parties, the facts of those cases differ significantly from the facts presented in the instant case. See, e.g., Freeman v. Northwest Acceptance Corp., 754 F.2d 553 (5th Cir. 1985) (conversion action against corporation involved conduct of corporation's wholly owned subsidiary made subsidiary indispensable party);Acton Co. v. Bachman Foods, Inc., 668 F.2d 76, 78-81 (1st Cir. 1982) (parent that played "substantial role" in negotiating contract and had substantial interest in contract was indispensable party to action against subsidiary who had undertaken most of the obligations in the contract).

[4] The Court is not persuaded by Respondent's citation to Travelers Indem. Co. v. Household International, Inc., 775 F. Supp. 518, 527 (D. Conn. 1991) ("precedent supports the

Hence, the Court concludes that Seisint is not a necessary party under Rule 19(a)(1) of the Federal Rules of Civil Procedure. As such, the Court need not address whether Seisint is an indispensable party under Rule 19(b) of the Federal Rules of Civil Procedure. For the purpose of a clear record, however, the Court will briefly discuss why Seisint is not an indispensable party. To begin, the first factor in this analysis, i.e., "to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties," is tantamount to subpart (B) of the analysis of Rule 19(a)(1)(B)(ii). See Haas v. Jefferson National Bank of Miami Beach, 442 F.2d 394, 399 (5th Cir. 1971). Thus, the Court finds that the appointment of the arbitrator will not prejudice Seisint and thus there is no need to examine whether protective provisions could lessen the prejudice. Next, the Court finds that the appointment of an arbitrator will fully resolve the issues raised in the Complaint before the Court. Finally, with respect to the availability of an alternate forum, the Court finds that considerable weight should be afforded to Petitioner's choice of a federal forum. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.") Moreover, as discussed infra, the Merger Agreement, which contains a forum selection clause, controls this dispute.

Lastly, the Court has reviewed both the Merger Agreement and the Escrow Agreement in conjunction with the Notice of Arbitration. Although an aspect of the underlying arbitration proceeding relates to Respondent's entitlement to reimbursement from funds being held pursuant

---

proposition that a contracting party is the paradigm of an indispensable party") because a party to a contract is only indispensable when the terms of contract are actually at issue. See MasterCard International, Inc. v. Visa International Serv. Ass'n Inc., 471 F.3d 377, 386 (2d Cir. 2006). Here, the Court is not adjudicating the provisions of the governing agreement but is merely choosing an arbitrator.

to the Escrow Agreement (Notice of Arbitration ¶ ¶ 4, 11, 25), the alleged basis for denying Respondent payment from the escrowed funds is the alleged breach of the Merger Agreement (Id. at ¶ ¶ 4, 26, 28, 29, 34). Thus, the essence of the underlying arbitration proceeding relates to the interpretation and application of the terms and provisions of the Merger Agreement.

For example, the Notice of Arbitration asserts that Respondent could not be "indemnified from the escrow because of a material breach in the Merger Agreement, which established the escrow, and a failure of the conditions precedent to indemnification" and that "[s]ection 8.2(b)(ii) of the Merger Agreement provided for indemnification from the Privacy Escrow of Reed Elsevier's losses in the Privacy Litigation, up to the amount of the Privacy Escrow. However, the Merger Agreement expressly made such indemnification 'subject to' the provisions of Section 6.11."

In addition, the Notice of Arbitration also stated that "Petitioner is "seeking access to documents" and other information to determine whether "the interests of the escrow beneficiaries have been properly represented, and if not, to seek appropriate redress . . . The Merger Agreement also entitles [Petitioner] to the information he is seeking. [Merger Agreement] § 6.11"; that the "attorney-client relationship between Ms. Gordon[5] and Mr. Brown is evidenced by the provisions of the Merger Agreement that require Mr. Brown's control of and then consultation in the defense of the litigation . . ."; that "in this arbitration, Mr. Brown is seeking a declaration and injunction . . . enforcing the Merger Agreement. . .;" because of Respondent's actions "there has been a material breach of the Merger Agreement, as well as a failure of the

---

[5] According to the Notice of Arbitration, Ms. Gordon is an attorney for Seisint. (Notice of Arbitration ¶ 16.)

7

conditions precedent to indemnification, which are set forth in Section 6.11 [of the Merger Agreement];" because Petitioner "was denied appropriate representation of counsel . . . the Merger Agreement was materially breached. Indemnification of [Respondent] under Section 8.2(b)(ii)[of the Merger Agreement] is thereby precluded; and "[u]nder the Merger Agreement, costs cannot be indemnifiable by both the General Indemnification Escrow and the Privacy Escrow." (Notice of Arbitration ¶ ¶ 4, 14, 16, 23, 24, 26, 28, 34.)

Furthermore, the scope of the arbitration provision in the Merger Agreement is broad in contrast to the narrow scope of the arbitration provision in the Escrow Agreement. Specifically, the Merger Agreement applies to "any dispute . . . between the parties hereto as to any matter covered by this Agreement, including any claims for indemnification pursuant to Section 8.2, 8.3 or with respect to any dispute arising pursuant to the Escrow Agreement." (Merger Agreement § 8.7.) In contrast, the relevant portions of the Escrow Agreement state that "[o]ther than with respect to matters governed by the Merger Agreement, which shall be governed by the terms and provisions thereof, any dispute that may arise under this Agreement between Depositor and Recipient shall be finally determined by (i) mutual agreement . . ., or (ii) binding arbitration in accordance with Section 6.2 hereof." (Escrow Agreement § § 6.1). Thus, the Court finds that the Merger Agreement and its Arbitration Provision control this dispute.

Based on the foregoing, the Court denies the motion to dismiss the complaint and the Court will appoint an arbitrator.

<u>III. Conclusion</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Respondent Reed Elsevier, Inc.'s Motion to Dismiss the Complaint (DE 10) is **DENIED.** Each party should

submit three curriculum vitae of potential arbitrators for the Court's consideration **within twenty days of the date of this Order.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of September, 2009.

_____
KENNETH A. MARRA
United States District Judge